

Brett A. Spain
(757) 628-5534
bspain@wilsav.com

22161.013

December 23, 2022

**Via ECF and Facsimile**

The Hon. Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    Outlogic, LLC v. Advan Research Corporation, LLC
              Case No. 22-cv-08038 (NRB)(SDA)

Dear Judge Buchwald:

       This law firm is counsel to Outlogic, LLC ("Outlogic") in the above-referenced action. I write to advise the Court that Outlogic's Memorandum of Law in Support of its Motion for Summary Judgment and its supporting documents will be filed provisionally in redacted form. The redactions are extremely limited but are necessary to protect Outlogic's confidential and proprietary business information. Pursuant to this Court's Individual Practices, an unredacted version of these documents will be filed with access limited to the Court and the parties to this action.

       For the reasons set forth below, Outlogic respectfully moves for leave to file these materials under seal as disclosure of the redacted material would reveal confidential and proprietary business information. Specifically, the redacted portions of the materials relate to pricing information, the kinds and amount of data Outlogic supplies, and the identity of companies who Outlogic considers to be competitors and parties with whom it has chosen not to do business. Prior to sending this letter, I contacted counsel for Advan regarding this matter and provided her with descriptions of the confidential information to be filed under seal and the proposed redactions for the agreement and amendments at issue. Counsel indicated that she did not see a problem based on the descriptions but needed to consider the request further.

       The Second Circuit has articulated a three-part test which governs whether a document may be filed under seal notwithstanding the presumption of public access to court records. *See Mirlis v. Greer*, 952 F.3d 51 (2d Cir. 2020); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110

Willcox & Savage

The Hon. Naomi Reice Buchwald
December 23, 2022
Page 2

(2d Cir. 2006). First, this Court must determine whether a particular document qualifies as a "judicial document," meaning a document "that has been placed before the court by the parties and that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Mirlis*, 952 F.3d at 59 (citation omitted). Next, this Court must determine the weight of the presumption of access to that document. *Id.* Finally, this Court must evaluate whether factors which counsel against disclosure of the document outweigh the presumption of access, given that the public's right to examine public records, although strong, is "not absolute." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Factors which can override the presumption of public access include the need to protect third-party privacy interests, *see Id.* at 61, protection of attorney-client privileged material, *see Lugosch*, 435 F.3d at 125 (noting that protection of the privilege may qualify as a compelling reason to maintain documents under seal), and the need to preserve trade secrets or confidential business information. *See Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (customers' internal corporate documents that govern investment strategies, information regarding proprietary modeling assumptions, and more generally, customer names, account numbers, and pricing information overcomes the presumption of public disclosure).

The materials at issue here relate to Outlogic's confidential business information, which is a well-established exception to the presumption of openness. *See Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth. Ind.*, 347 F. App'x 615, at 617 (2d Cir. 2009) (regulatory organization's "'interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access.'"); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011)(granting motion to seal "highly proprietary material concerning ... marketing strategies, product development, costs and budgeting."); *Sherwin-Williams Co. v. Spitzer*, No. 04-185, 2005 WL 2128938, at *20 (N.D.N.Y. Aug. 24, 2005) (ordering the sealing of documents regarding confidential information such as trade secrets, and commercial and proprietary interests); *Gelb v. AT&T*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (granting motion to seal documents based upon the "assertion that its competitors who do not now have this information could use it to do [the party] competitive injury ...."); *Dawson v. White & Case*, 584 N.Y.S.2d 814 (App. Div. 1992) (sealing law firm's "financial information concerning [its] partners and clients" because it does not "'facilitate public discussion of policy issues" or serve "any legitimate public concern, as opposed to mere curiosity ... to counter-balance the interest of [its] partners and clients in keeping their financial arrangements private") (internal citations omitted); *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)("[f]inancial records of a wholly owned business ... will weigh more heavily against access than conduct affecting a substantial portion of the public.").

The documents at issue qualify as "judicial documents," because Outlogic is asking the Court to consider them as part of its Motion for Summary Judgment. The specific, limited material being redacted, however, does not carry a strong presumption of openness, because it has little or no relevance to the dispute. "Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Id.* at 1050; *Mirlis*,

Willcox & Savage

The Hon. Naomi Reice Buchwald
December 23, 2022
Page 3

952 F.3d at 60. Of the few categories of information Outlogic seeks to redact, only the pricing information is discussed in Outlogic's brief and supporting declaration. Even with respect to that information, the actual details of the fee provision are not relevant, only the fact that Advan recently has been paying the monthly minimum and not a revenue share.

Because this matter involves interpreting a contract, Outlogic felt it was important for the Court to have the complete versions of the contract documents even though most of the provisions are not relevant. Outlogic's pricing information, the specific data and amount of data it provides, and the parties with whom it does and does not do business are all confidential business matters. Having access to pricing information and the specific type and quantity of data Outlogic provides would allow competitors to unfairly compete with Outlogic. Moreover, Outlogic's strategic determination as to who it will and will not do business with and who it deems to be its relevant competitors are also confidential business matters that have absolutely no relevance to this case. Access to that information would serve no useful purpose and would put Outlogic at a competitive disadvantage in the industry. Accordingly, Outlogic respectfully requests that the Court grant its motion and permit the unredacted versions of its Memorandum and accompanying exhibits to be filed under seal. Outlogic, of course, will also file public versions that will strictly limit the redactions to the specific areas of confidentiality noted above.

Should the Court require more detailed briefing, or additional factual submissions from Outlogic on any issue set forth in this letter, we ask the Court to so advise us, and we will provide it.

Sincerely,

Brett A. Spain

BAS:sm
cc: All Counsel on ECF Service List

Application granted.

SO ORDERED.

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Dated:   December 27, 2022
         New York, NY

I-2545972.2